UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MALISSA PARKER, a parent and guardian of
DREW QUINN PARKER, an infant,
                                    Plaintiffs,

                 -against-

THE CITY OF NEW YORK, AND THE NEW YORK
CITY   POLICE DEPARTMENT, POLICE OFFICER
CICILLINI, SHIELD # 3345,  POLICE OFFICER
DIANE BOWMAN, TAX REG.  #4926595,AND  OTHER
UNIDENTIFIED NEW YORK  CITY POLICE OFFICERS,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY
                                    Defendants
-------------------------------------------------------------------X

**SUMMONS ISSUED**

12-             3292

Civil Action No.:

**COMPLAINT**

DEARIE, J.

GO, M.J.

Plaintiffs by their attorney Edward Zaloba, Esq., alleges as follows for their Complaint:

### PRELIMINARY STATEMENT

1.    This is a civil action against the City of New York, **POLICE OFFICER CICILLINI, SHIELD # 3345, POLICE OFFICER DIANE BOWMAN, TAX REG. #4926595, AND OTHER UNKNOWN UNIDENTIFIED NEW YORKCITY POLICE OFFICERS,** to redress the deprivation, under color of state law, of plaintiffs' rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, unlawful imprisonment, abuse of process, malicious prosecution and violations of police and public duties and obligations.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question.   Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.    These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED THOUSAND ($150,000.00) DOLLARS.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

6.    That the plaintiff, **DREW QUINN PARKER by his mother and Natural guardian, MALISSA PARKER**, are Florida residents .

7.    Upon information and belief, at all times hereinafter mentioned, the defendant **CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times

relevant defendants, **Police Officer CICILLINI, SHIELD # 3345, POLICE OFFICER DIANE BOWMAN, TAX REG. #4926595** and other unidentified New York City Police Officers were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

8.    Upon information and belief, that at all times hereinafter mentioned, defendant(s) Officers **Cicillini, Bowman** and other unidentified Police Officers, were employed by the defendant, **CITY OF NEW YORK**, as members of its police department.

9.    Upon information and belief, that at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, including all the police officers thereof.

10.    The **NYPD**, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the **NYPD** is responsible for the policies, practices and customs of the **NYPD** as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11.    This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York and the New York State Constitution.

12.    Each and all of acts of the defendants alleged herein were done by the

defendants, acting as state actors acting under the color of law.

## NOTICE OF CLAIM

13.    That on or about September 23, 2011, a Notice of Claim, was served upon the Comptroller of the **CITY OF NEW YORK**.

14.    That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

15.    The 50H hearing has not been conducted as claimant's criminal matter is still pending in the Criminal Court, Queens County.

16.    That this action is commenced within one year and ninety days after the causes of action arose and other causes of action within three (3) years when said action arose.

## STATEMENT OF FACTS

17.    On July 5, 2011 at  approximately 8:10 p.m. near in the vicinity of  99-29 62nd Drive, in the County of Queens, defendant police officer began an vehicle pursuit of claimant.

18.    The plaintiff had neither committed a crime nor offense.

19.    The plaintiff had not committed any crimes or offenses at any time and date in question.

20.    The plaintiff was running when the defendant officers struck the plaintiff with their vehicle in the vicinity of 104-44 62nd drive.

21.    The defendant's vehicle ran over the claimant's left foot while on the

sidewalk in said vicinity.

22.    The defendants seized the plaintiff thereafter at gunpoint, cuffing the claimant and forcefully punching his head into the ground.

23.    The plaintiff was seized, without either probable cause or reasonable suspicion.

24.    The defendants use of force was neither reasonable nor justified under the circumstances.

25.    Both the defendants' assaults as well as their  use of force were excessive and without legal justification, without the authority of law, and without reasonable necessity to use such force.

26.    The plaintiff was falsely arrested and unlawfully imprisoned, and taken to the local precinct.

27.    The defendant officers as well as unknown officers failed to intervene to prevent violation of plaintiff's civil rights from occurring.

28.    The plaintiff is a seventeen year old with no prior criminal history.

29.    The plaintiff thereafter received  medical attention while in police custody at Queens Hospital.

30.    The plaintiff, infant, was falsely charged with violation of P.L. section 205.30 and 240.20-5.

31.    The defendant officers in order to conceal their improper use of police

vehicle as well as their assault upon the plaintiff conspired and caused false charges to be lodged against claimant.

32.    The defendant officers continued their conspiracy by preparing false documents and reports to be presented to both the Court as well as to the Queens District Attorney's Office.

33.    At present the defendants continue to maliciously prosecute the plaintiff in Queens Criminal Court- as said matter is still pending.

34.    The plaintiff is wholly innocent of any and all charges.

35.    The defendants by their conduct caused plaintiff to suffer injuries to his left foot- hence injuries consistent and associated with crush type injury of same.

36.    Furthermore, the defendant's conduct caused an exacerbation of plaintiff's prior existing traumatic brain injury, plaintiff is still treating.

37.    As a result of the defendant's assaults and violations of plaintiff's civil rights the plaintiff was caused to suffer irreparable harm, loss of liberty, permanent physical injury and other injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

38.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully

and at length set forth set forth herein.

39.    The conduct and actions of Defendant **Police Officer CICILLINI,**
**SHIELD #3345, POLICE OFFICER DIANE BOWMAN, TAX REG. #4926595,**
under color of state law and acting without probable cause, justification, or otherwise
privileged, subjected plaintiff to false arrest, unlawful imprisonment against plaintiff's will
and plaintiff was conscious of said confinement, and said conduct and actions were done
intentionally, maliciously with a deliberate indifference or with a  reckless disregard for the
natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts,
and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby
depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth,
Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including,
without limitations, deprivation of the following constitutional rights, privileges and
immunities:

(a)    Plaintiff was deprived of his First Amendment right to speak freely and
to petition the government for redress of grievances;

(b)    Plaintiff was deprived of his Fourth Amendment constitutional right to
be free from unreasonable seizures of his person;

(c)    Plaintiff was deprived of his Fourth Amendment right to be free from
the use of excessive or unreasonable force;

(d)    Plaintiff was deprived of his Fourteenth Amendment right to liberty,
without due process of law;

(e)    Plaintiff was deprived of his Fourteenth Amendment right to equal
protection of law;

40.    As a result of the defendant's conduct, plaintiff DREW QUINN
PARKER was deprived of liberty, sustained emotional and physical  injury including mental

suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. §1983 AND THE USE
### OF EXCESSIVE AND UNREASONABLE FORCE

41.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42.    That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants Officers, and other unknown defendant officers who either intentionally, recklessly or negligently assaulted and battered plaintiff.

43.    That the said assault and battery of the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

44.    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

45.    That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent him being injured and who

failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

46.     That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring him to received medical attention and he was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, and that he will be subjected to continuing physical harm, pain, possible future surgeries and expenses for medical care and will continue to incur expenses for medical care, and that plaintiff was otherwise harmed.

47.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

48.     Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

49.     The Defendant officers' issued legal process to place plaintiff under arrest.

50.     The Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51.     The Defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

52.     The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

53.     As a result of Defendant's conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS MONELL (STATE & FEDERAL)

54.     Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

55.     At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

56.     The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

57.     The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

58.     The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

59.     Despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

60.     Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, the use of excessive and unlawful force, falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

61.     That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by  repeated complaints, of false arrest, and the use of excessive and unlawful force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

62.     That the defendant municipality, NYC, has also been alerted to the use

of malicious prosecution brought by its employee officers to cover up the false arrests, the use of excessive and unlawful force and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

63.    Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where the use of unlawful and excessive force is concealed by false arrest and malicious prosecution upon innocent citizens. Where the upward mobility of the officers within ranks is accomplished. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

64.    The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

65.    Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment and the use of excessive and unlawful force by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest, unlawful and excessive force and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771,**

Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte06 CV 5523, Theodore Richardson 07CV 3651.   These matters were settled by the Defendant NYC.  A multitude of similar matters could be cited if necessary.  Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled.   Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

66. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

(c) Has failed to properly train, instruct, and discipline police officers with the use of excessive and unlawful force;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to their review of charges and reports of matters involving injury to persons and of use of force and excessive force thereon;

(e) Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint

Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h)     Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i)     Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

67.     Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

68.     The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

69.     Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to be free from unreasonable seizures and the use of excessive force, right to due process, and right to equal protection of the laws.

70.     The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

71.     As a result of the foregoing conscious policies, practices, customs

and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

72.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NYS CONSTITUTIONAL VIOLATIONS

73.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

74.    Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

(a)    Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the Constitution of the State of New York;

(b)    Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c)    Plaintiff was deprived of his rights to be free from the use of excessive

or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(d)     Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

75.     As a result of the defendants' conduct, **DREW QUINN PARKER** was deprived of liberty, sustained great emotional and physical injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## FALSE ARREST

76.     Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

77.     By the actions described above, the defendants **Police Officer CICILLINI, POLICE OFFICER DIANE BOWMAN,** and other unidentified officers falsely arrested plaintiff, **DREW QUINN PARKER**, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The defendants intended to confine plaintiff, plaintiff was aware of his confinement and did not consent to said confinement. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF - FALSE IMPRISONMENT

79.     Plaintiffs repeat, reiterate and incorporate by reference each and every

allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

80.    By the actions described above, the defendants and other unidentified defendant officers, each acting individually and in concert with each other, falsely imprisoned plaintiff, **DREW QUINN PARKER**, without reasonable or probable cause, illegally and without a warrant and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

81.    Plaintiff was conscious of and did not consent to his confinement.

82.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

84.    By the actions described above, the defendants and other unidentified defendant officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotion distress to plaintiff, **DREW QUINN PARKER**. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

85.   As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, EQUAN DASHAWN BROWN
### NEGLIGENCE

86.   Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

87.   Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a)   failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers had neither observed a crime committed nor any suspicious behavior; and other acts which a police officer of ordinary prudence would not have done;

(b)   failed to perform their duties as reasonable and prudent officers where the defendants' used their vehicle in a negligent fashion by striking the plaintiff with said vehicle while on a public sidewalk.

(c)   failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure, unlawful use of excessive force or subsequent unlawful arrest and imprisonment,

(d)   hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons in an effort to conceal their assault conduct and their unlawful use of force, and excessive unreasonable use of force;

(e)   failed to exercise care in instructing police officers, officials,

supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause as to the preparation and submission of accurate criminal charges, as to the consequences of bringing false criminal charges; and as to the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(f)     failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

88.     Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff, **DREW QUINN PARKER**.  The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92.     All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

93.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FAILURE TO INTERVENE

94.     Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

95.     Each and every individual defendant officer had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

96.     The individual defendant officer failed to intervene on plaintiff's  **DREW**

**QUINN PARKER's** behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

97.    As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and unlawful imprisonment.

**AS AND FOR A ELEVENTH  CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
ASSAULT AND BATTERY**

98.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

99.    By the actions described above, the defendants **Police Officer CICILLINI, POLICE OFFICER DIANE BOWMAN**, while in the scope of their employment, maliciously, willfully and intentionally committed assault and battery upon the plaintiff with apparent ability and objective to cause imminent harm and offense bodily harm and subjected plaintiff to physical injury and harm and embarrassment and humiliation. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

100.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, physically harmed and was otherwise harmed, damaged  and injured; therefore, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR AN TWELFTH CAUSE OF ACTION**

## ON BEHALF OF PLAINTIFF,
## CLAIM FOR RELIEF UNDER NY STATE LAW
## NEGLIGENT HIRING AND RETENTION,

101.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

102.    Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of **DREW QUINN PARKER**.

103.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants, **Police Officer CICILLINI, POLICE OFFICER DIANE BOWMAN** to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## CLAIM FOR RELIEF UNDER NY STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION,

104.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

105.    Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of **DREW QUINN PARKER.**

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK

## FOR STATE LAW VIOLATIONS

106.   Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

107.   The conduct of defendants **Police Officer CICILLINI,  POLICE OFFICER DIANE BOWMAN,** and other unidentified police officers alleged herein, occurred while they were on duty, in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK.**  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff **DREW QUINN PARKER,** and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

108.   As a result of the foregoing, plaintiff was deprived of his constitutional rights, unlawfully arrested and imprisoned and sustained great emotional and physical injuries, were subject to great humiliation, and were otherwise harmed, damaged and injured.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

109.   Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

110.   That on or about the 5TH[th] of July, 2011, while the plaintiff was lawfully on public property, plaintiff was unlawfully seized and arrested and  thereafter the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff without

any just right or grounds therefore.

111.    That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to Court proceedings.

112.    That at present  and various dates prior , before a Judge of the Criminal Court of Queens County and on various other dates , before various judges of the Criminal Court of Queens County, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocations charged the plaintiff with crimes and offenses under the New York Penal Law.

113.    That the defendants' **Police Officer CICILLINI, SHIELD,   POLICE OFFICER DIANE BOWMAN and OTHER UNIDENTIFIED POLICE OFFICERS,** their agents, servants and employees acting in the performance of their employment and within the scope of their authority, falsified police and court documents and falsely withheld vital information before judges of the Criminal Court,  of Queens County.

114.    That said prosecution on criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore.  That the commencement and continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause and with actual malice.

115.    That the malicious prosecution of the defendants continues and is ongoing. The trial of said matter has been adjourned until a date in the future.

116.    That by reason of the aforesaid, unlawful and malicious prosecutions, the plaintiff, was deprived of his liberty, subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff has been otherwise damaged.

117.    As a result of the foregoing, plaintiff was deprived of liberty for approximately 24 hours, sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured and said harm continues.

## AS AND FOR PLAINTIFF CLAIM FOR PUNITIVE DAMAGES

118.    Plaintiffs repeat, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

119.    The aforesaid acts of the defendant officers in violation of plaintiff's First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S. C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiff for which he also seeks punitive damages. The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and maliciously by reason of which the plaintiff is entitled to an award of punitive damages where applicable.

## VICARIOUS LIABILITY

120.    Plaintiffs incorporate by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

121.    The defendants NYC police officers an agency of the Defendant City of New York unlawful arrest and imprisonment, plaintiff therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

122.    As a result of the foregoing, plaintiff was falsely arrested and unlawfully

imprisoned and plaintiff sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, the plaintiff demands judgment :

A.     Compensatory damages in the amount of ELEVEN MILLION ($11,000,000) DOLLARS;

B.     Punitive damages in the amount of EIGHT MILLION ($8,000,000) DOLLARS;

C.     The convening and empanelling of a jury to consider the merits of the claims herein;

D.     Costs and interest and attorney's fees;

E.     Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
　　　 July  2, 2012

Yours, etc.,

EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000